```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

GARY PRATO; JOANNE C. MCMURRAY,

                     Plaintiffs,

vs.                               Case No. 2:08-cv-883-FtM-29SPC

HACIENDA DEL MAR, LLC a Florida
Limited Liability Company,

                     Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss Plaintiffs' Amended Complaint and Memorandum in Support Thereof (Doc. #14) filed on March 24, 2009. Plaintiffs filed a Response (Doc. #15) on April 3, 2009. For the reasons set forth below, the Court finds that the motion should be denied.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The Court may consider documents which are central to a plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005). Accordingly, the Court will consider the Purchase Contracts, which plaintiffs have attached as exhibits to their Amended Complaint (Doc. #9, pp. 14-53).

## II.

Plaintiffs Gary Prato ("Prato") and Joanne C. McMurray ("McMurray") filed a five-count Amended Complaint (Doc. #9) alleging the following claims against defendant Hacienda Del Mar, LLC ("Hacienda"): Violation of Interstate Land Sales Full Disclosure Act (Count I); Violation of Florida Deceptive and Unfair Trade Practices Act (Count II); Fraud in the Inducement (Count

III); Violation of Florida Condominium Act and Rules of the Florida Division of Condominiums (Count IV); and Breach of Contracts (Count V). Plaintiffs seek rescission of two contracts, and/or monetary damages, deposits, attorneys' fees, interest, and costs, under the federal and pendent state law claims listed above. Defendant filed a Motion to Dismiss (Doc. #14) seeking dismissal of Counts I, II, and III only.

The Amended Complaint alleges that on or about December 9, 2005, plaintiffs Prato and McMurray signed two Purchase Contracts (Doc. #9, pp. 14-33, 34-53) drafted and provided to them by defendant Hacienda, which countersigned the same on the following day. Pursuant to the Purchase Contracts, which provided that Hacienda would construct and convey to plaintiffs two units (Units G-306 and F-205) of a condominium to be created and known as the Hacienda Del Mar Condominium, plaintiffs paid a total initial deposit of $353,549.00.

On June 18, 2008, plaintiffs wrote to Hacienda, terminating the Purchase Contracts based upon defendant's "breach of the [Purchase] Contracts and pursuant to the Interstate Land Sales Act," and requested the return of their deposits on the units. To date, defendant has refused to refund the deposits to plaintiffs. Plaintiffs filed their initial Complaint (Doc. #1) on December 2, 2008, and their Amended Complaint on February 12, 2009. Additional facts are set forth below as needed.

**A. Violation of Interstate Land Sales Full Disclosure Act (Count I)**

Count I of the Amended Complaint asserts that defendant violated the Interstate Land Sales Full Disclosure Act (the "ILSFDA"), by failing to comply with certain anti-fraud provisions of the ILSFDA (Doc. #9, ¶27). Defendant argues that this count should be dismissed because the Purchase Contracts are exempt from the ILSFDA pursuant to 15 U.S.C. [§] 1702(b) because the contracts related to the sale of lots in a subdivision containing fewer than 100 lots. (Doc. #14, p. 2.)

Plaintiffs allege that the Hacienda Del Mar Condominium is a six-phase project consisting of 112 units, cumulatively containing more than 100 lots, which was marketed under a common promotional plan. (Doc. #9, ¶6.) Since the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson, 551 U.S. at 89; Harbury, 536 U.S. at 406, the motion to dismiss Count I will be denied on this ground.

**B. Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count II)**

Count II of the Amended Complaint asserts that defendant violated the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA"). Defendant argues that Count II is barred by the Florida economic loss doctrine and that it is insufficiently pled.

**1. Economic Loss Doctrine**

Defendant argues that Count II of the Amended Complaint fails to state a cause of action and should be dismissed because plaintiffs' claim is barred by the economic loss doctrine.[1] (Doc. #14, p. 3.) Under Florida law, however, "the economic loss rule cannot be used to eliminate a statutory cause of action. . . . particularly . . . where the statute states that it is applicable '[n]otwithstanding any other remedies.'" Comptech Int'l, Inc. v. Milam Commerce Park, Ltd., 753 So. 2d 1219, 1221 (collecting cases). See also Delgado v. J.W. Courtesy Pontiac GMC-Truck, 693 So. 2d 602 (Fla. 2d DCA 1997). The FDUTPA explicitly provides, "The remedies of this part are in addition to remedies otherwise available for the same conduct under state or local law." FLA. STAT. § 501.213(1). Thus, the Court finds that the Florida economic loss doctrine does not bar plaintiffs' statutory FDUTPA claim and defendant's motion is denied on this ground.

**2. Sufficiency of Allegations of Deception**

The FDUTPA declares that "unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful.

---

[1] Under Florida's "economic loss rule," a plaintiff "in contractual privity with a defendant cannot recover in tort for solely economic damages arising out of the breach of the contract." E.g., Geico Cas. Co. v. Arce, 333 Fed. Appx. 396, 397 (11th Cir. 2009) (citing Indem. Ins. Co. v. Am. Aviation, Inc., 891 So. 2d 532, 536-37 (Fla. 2004)). Florida law does, however, "permit tort actions based on acts 'independent from the acts that breached the contract,'" under certain circumstances. Geico, 333 Fed. Appx. at 397-98 (quoting HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So. 2d 1238, 1239 (Fla. 1996)).

FLA. STAT. § 501.204(1); see e.g., Zlotnick v. Premier Sales Group, Inc., 480 F.3d 1281, 1284 (11th Cir. 2007). "The Florida Supreme Court has noted that 'deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" Zlotnick, 480 F.3d at 1284 (quoting PNR, Inc. v. Beacon Prop. Mgmt., 842 So. 2d 773, 777 (Fla. 2003)). Defendant states that plaintiffs' allegations in Count II "do not come close to alleging [that] any act by Defendant is likely to mislead anyone," and that "[e]ven if the allegations as pled are taken as true, . . . [plaintiffs have failed to,] in any way whatsoever, establish that the Defendant engaged in any 'deceptive' acts or practices that were likely to mislead consumers." (Id.) The Court disagrees, and finds that paragraphs 33, 35, and 36 sufficiently allege violation of the FDUTPA.

**C. Fraud in the Inducement (Count III)**

Count III alleges that defendant engaged in "fraud in the inducement." Defendant seeks dismissal on three specific grounds: (1) by invoking the economic loss doctrine, (2) on the basis of the existence of an integration clause at paragraph 17 of the Purchase Contracts, and (3) on the basis of plaintiffs' purportedly inadequate allegation of fraudulent representation in paragraph 42 of the Amended Complaint.

**1. Economic Loss Doctrine**

Defendant argues that Count III of the Amended Complaint should be dismissed because plaintiffs' allegations "directly relate to the acts of the contract and are barred by the economic loss doctrine." (Doc. #14, p. 3.) Upon review, the Court disagrees.

The Florida economic loss doctrine does not foreclose a claim of fraudulent misrepresentation. "The economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action." HTP, Ltd., 685 So. 2d at 1239 (citations omitted). "Fraudulent inducement is a claim independent of a breach of contract claim; it requires proof of facts separate and distinct from those required to demonstrate breach of contract." May v. Nygard Holdings Ltd., 203 Fed. Appx. 949, 951 (11th Cir. 2006) (citing HTP, Ltd., 685 So. 2d at 1239).[2] See also Mejia v. Jurich, 781 So. 2d 1175, 1178 (Fla. 3d DCA 2001) ("[W]hen fraudulent misrepresentations in the formation of the contract are alleged, as

---

[2] See also HTP, Ltd., 685 So. 2d at 1239 ("[W]hether the defendant was truthful during the formation of the contract is unrelated to the events giving rise to the breach of the contract." (citing Williams v. Peak Resorts Int'l, 676 So. 2d 513, 517 (Fla. 5th DCA 1996)). The elements of a claim for fraud in the inducement are: (1) a false statement of material fact; (2) the maker of the statement knew or should have known of the falsity of the statement; (3) the maker intended that the false statement induce another's reliance; and (4) the other party justifiably relied on the false statement to its detriment. E.g., Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., 556 F.3d 1232, 1240 (11th Cir. 2009) (citations omitted).

is the case here, the economic loss rule does not bar recovery") (collecting cases)). Thus, the Court finds that defendant's motion should be denied on this ground.

## 2. Integration Clauses

Defendant also argues that the existence of integration clauses in the Purchase Contracts preclude plaintiffs from alleging a claim of fraud in the inducement. Specifically, paragraph 17[3] in the Purchase Contracts states that plaintiffs have not relied upon any "verbal representations, advertising, portrayals or promises other than as contained [t]herein or in the Prospectus (Offering Circular)." (Doc. #9, pp. 21, 41.)

Under Florida law, the existence of an integration clause does not necessarily bar a claim for fraudulent misrepresentation. Rodriguez v. Tombrink Enters., 870 So. 2d 117 (Fla. 2d DCA 2003).) "[T]he existence of a merger or integration clause, which purports to make oral agreements not incorporated into the written contract unenforceable, does not affect oral representations which are alleged to have fraudulently induced a person to enter into the

---

[3]"ENTIRE CONTRACT; MODIFICATION SURVIVAL. This Contract contains the entire understanding between BUYER and SELLER, and BUYER hereby warrants that BUYER has not relied on any verbal representations, advertising, portrayals, or promises other than as contained herein or in the Prospectus (Offering Circular). This Contract may not be modified, amended, or rescinded except by a written agreement signed by both BUYER and SELLER. The provisions and disclaimers in this Contract that are intended to have effect after closing will survive closing and delivery of the Warranty Deed." (Doc. #9, pp. 21, 44.)

agreement." Mejia, 781 So. 2d at 1178 (collecting cases). Thus, defendant's motion to dismiss will be denied on this ground.

**3. Insufficient Allegation of False Representation**

Finally, defendant seeks dismissal of Count III because they claim that "the allegation in paragraph 42 [of the Amended Complaint] is flawed because it does not even allege Defendant made any representation to Plaintiffs, in other words, as pled, it is completely unknown who made that alleged representation to Plaintiffs." (Doc. #14, p. 5.) The Court agrees that Count III is not sufficiently pled.

Rule 9(b) of the Federal Rules of Civil Procedure provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

FED. R. CIV. P. 9(b). Rule 9(b) requires that a complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) the same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (citation omitted). "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint."

Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005). Paragraphs 40-42 fail to satisfy this standard.

Additionally, the elements of a claim for fraud in the inducement are: (1) a false statement of material fact; (2) the maker of the statement knew or should have known of the falsity of the statement; (3) the maker intended that the false statement induce another's reliance; and (4) the other party justifiably relied on the false statement to its detriment. E.g., Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., 556 F.3d 1232, 1240 (11th Cir. 2009) (citations omitted). The Court notes that Count III appears to lack an allegation of the third element; namely, that defendant intended that their false statement induce plaintiffs' reliance thereupon.

Accordingly, it is now

**ORDERED**:

Defendant Hacienda Del Mar, LLC's Motion to Dismiss Plaintiffs' Amended Complaint and Memorandum in Support Thereof (Doc. #14) is **GRANTED IN PART AND DENIED IN PART**. Count III is **dismissed without prejudice**, and the motion is otherwise **denied**. Plaintiffs are granted leave to file a Second Amended Complaint within **TWENTY (20) DAYS** of this Opinion and Order if they wish to attempt to properly set forth a claim of fraud in the inducement.

**DONE AND ORDERED** at Fort Myers, Florida, this 22nd day of December, 2009.

 *[signature: John E. Steele]*
 JOHN E. STEELE
 United States District Judge

Copies:
Counsel of record