UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY PRATO; JOANNE C. MCMURRAY,

        Plaintiffs,

-vs-                                                  Case No. 2:08-cv-883-FtM-29SPC

HACIENDA DEL MAR, LLC a Florida Limited
Liability Company,

        Defendant.
_____

## ORDER

This matter comes before the Court on the Plaintiff Gary Prato's Motion to Compel Response to Request to Produce and Interrogatories (Doc. #31) filed on April 7, 2010. The Defendant filed its Response in Opposition (Doc. # 32) on April 13, 2010. The Motion is now ripe for review.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise a party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the order to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

The Plaintiff states that his request for production and interrogatories propounded on October 14, 2009, have not been responded to by the Defendant. The Defendant responds that it has not

provided answers to the interrogatories nor has it produced the requested production. The Plaintiff states that there was an agreement in place to enlarge the deadline to respond allowing the Defendant up to and including April 4, 2010. Yet, the Defendant has failed to respond. The Defendant states that due to the wedding of the Defense Counsel's son and the complicated nature of the production request it will take it until the first week of May to comply with the discovery request. Based upon the Defendant's response, good cause exist to grant the Motion to Compel.

In addition to the Motion to Compel answers to the interrogatories and requests for production of documents, the Plaintiff also moves for sanctions pursuant to Fed. R. Civ. P. 37(a)(4)(A). Under Rule 37, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." Reedy v. Lull Engineering Co., Inc., 137 F.R.D. 405, 409 (M.D. Fla. 1991).

The Plaintiff and the Defendant had an agreement in place that allowed the Defendant up to April 4, 2010, to produce the requested discovery. The fact that the Parties have been negotiating over the deadline to produce is a strong indicator that the parties have been discussing and working through the issues involved. Thus, at this point in the proceedings, the Court does not find just cause that would require the Court to impose attorney's fees and sanctions.

Accordingly, it is now

**ORDERED:**

The Plaintiff Gary Prato's Motion to Compel Response to Request to Produce and Interrogatories (Doc. #31) is **GRANTED in part and DENIED in part**.

(1) The Defendant has up to and including **May 3, 2010**, to fully and completely answer the Interrogatories and Requests to Produce.

(2) The Plaintiff Gary Prato's Motion for Sanctions is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   19th    day of April, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record