UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY PRATO; JOANNE C. MCMURRAY,

Plaintiffs,

vs. Case No. 2:08-cv-883-FtM-29SPC

HACIENDA DEL MAR, LLC a Florida Limited Liability Company,

Defendant.

___________________________________

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (Doc. #137), defendant's Renewed Motion for Turnover (Doc. #140), and Plaintiff's Motion to Stay Execution of Judgment in a Civil Case (Doc. #142). Responses were filed (Docs. #146, 151). The motions are resolved as set forth below.

**I.**

A Rule 50 judgment as a matter of law is appropriate when there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1251 (11th Cir. 2007). "[I]n deciding on a Rule 50 motion a district court's proper analysis is squarely and narrowly focused on the sufficiency of evidence." Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th Cir. 2007). As such, "[t]he jury's findings should be excluded from the decision-making calculus on a Rule 50(b) motion, other

than to ask whether there was sufficient evidence, as a legal matter, from which a reasonable jury could find for the party who prevailed at trial." Id. at 1228. The Court looks at the record evidence drawing all inferences in favor of the nonmoving party. Nurse "Be" v. Columbia Palms W. Hosp. L.P., 490 F.3d 1302, 1308 (11th Cir. 2007). A jury verdict "must be left intact if there is evidence from which the decision maker . . . reasonably could have resolved the matter the way it did." Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1264 (11th Cir. 2008). Even if the evidence would have supported a verdict for the losing party, "[t]he issue is not whether the evidence was sufficient for [the losing party] to have won, but whether the evidence was sufficient for it to have lost." Id. at 1264-65.

Plaintiffs had the burden of establishing their claims. The jury found plaintiffs had not done so. Applying the standards set forth above, the Court finds that the evidence was sufficient to support the jury's determinations. Accordingly, plaintiff's motion for judgment as a matter of law under Rule 50(b) is denied.

**II.**

A Rule 59 motion for a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court; . . ." Fed. R. Civ. P. 59(a)(1)(A). Such reasons include a verdict which is against the weight of the evidence, substantial errors in the admission or

rejection of evidence, Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940), and improper opening statements or closing arguments, Christopher v. Florida, 449 F.3d 1360, 1365-66 (11th Cir. 2006). Resolution of a motion for a new trial is committed to the discretion of the trial court. Montgomery v. Noga, 168 F.3d 1282, 1295 (11th Cir. 1999).

Plaintiffs argue they are entitled to a new trial because the evidence is insufficient to support the verdict, or the verdict is against the great weight of the evidence. A district court should grant a motion for new trial when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. . . . Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great -- not merely the greater -- weight of the evidence." Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001)(internal quotations and citation omitted). The Court finds that the evidence was sufficient to support the verdicts and that the verdicts were not against the clear weight of the evidence and will not result in a miscarriage of justice. Even if the Court weighs the evidence, Watts v. Great Atlantic & Pacific Tea Co., 842 F.2d 307, 310 (11th Cir. 1988), the Court concludes that the

evidence is sufficient to support the verdicts and the verdicts are not against the great weight of the evidence. The undersigned presided over the trial and is satisfied the jury's verdicts were not the result of confusion or misunderstanding. Accordingly, plaintiff's motion for judgment as a matter of law under Rule 59 is denied.

**III.**

Having resolved the pending post-trial motions relating to the merits of the case, the Court finds that the Renewed Motion for Turnover (Doc. #140) is due to be granted. A copy of this Order will be provided to the firm holding funds in escrow. The Court also finds that plaintiffs' Motion to Stay Execution of Judgment (Doc. #142) is due to be denied as moot.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (Doc. #137) is **DENIED.**

2. Defendant's Renewed Motion for Turnover (Doc. #140) is **GRANTED.** Berntsson, Ittersagen, Gunderson, Waksler & Wideikis, LLP shall immediately turn over the funds it is holding in escrow in this case to counsel for defendant. The Clerk shall send a copy of this Order to Robert C. Benedict, Esq., care of Berntsson, Ittersagen, Gunderson, Waksler & Wideikis, LLP, at 1861 Placida Road, Suite 204 Englewood, Florida 34223.

3. Plaintiff's Motion to Stay Execution of Judgment in a Civil Case (Doc. #142) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this 14th day of July, 2011.

**JOHN E. STEELE**
**United States District Judge**

Copies:
Counsel of record