UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY PRATO; JOANNE C. MCMURRAY,

                Plaintiffs,

vs.                        Case No.  2:08-cv-883-FtM-29SPC

HACIENDA DEL MAR, LLC a Florida
Limited Liability Company,

                Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Attorneys' Fees, Costs and Interest (Doc. #129) filed on March 14, 2011.  Plaintiffs filed a Verified Objection and Reply and Request to Conduct Hearing on Same (Doc. #133) and defendant filed a Reply to Plaintiffs' Response (Doc. #150).

### I.

The original Complaint (Doc. #1) was filed based on the presence of a federal question, specifically the Interstate Land Sales Full Disclosure Act (ILSFDA).  Plaintiffs filed an Amended Complaint (Doc. #9) and subsequently filed a Second Amended Complaint (Doc. #26), which became the operative pleading in this case.  In addition to the federal claim, plaintiffs sought relief pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUPTA), for fraud in the inducement, for a violation of the Florida Condominium Act (FCA), and for breach of contract.  In

response, defendant filed a Counterclaim (Doc. #28, p. 4) for breach of contract.

On January 18, 2011, the Court issued an Opinion and Order (Doc. #84) granting in part and denying in part defendant's Motion for Partial Summary Judgment as to Counts I and II (Doc. #37) of the Second Amended Complaint. The motion was granted with respect to violations of the disclosure requirements under ILSFDA, but denied as to the anti-fraud provisions of the same statute. The case proceeded to trial, and the jury returned a verdict in favor of defendant, responding to a single question that defendant was entitled to the $353,549.00 in deposits. (Doc. #123.) Judgment was entered in favor of defendant on all counts in the Second Amended Complaint and in favor of defendant on the Counterclaim as to the $353,549.00. (Doc. #128.)

**II.**

**A.  Entitlement to Attorney Fees and Costs**

Absent statutory authority or an enforceable contract, attorney fees by even a "prevailing party" are ordinarily not recoverable under the "American Rule." <u>Alyeska Pipeline Serv. Co.</u> <u>v. Wilderness Soc'y</u>, 421 U.S. 240, 257 (1975); <u>Buckhannon Bd. &</u> <u>Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 602 (2001); <u>Kreager v. Solomon & Flanagan, P.A.</u>, 775 F.2d 1541, 1542 (11th Cir. 1985). A party is considered a "prevailing party" if "they succeed on any significant issue in litigation

-2-

which achieves some of the benefit the parties sought in bringing suit." <u>Farrar v. Hobby</u>, 506 U.S. 103, 109 (1992) (citations omitted). There must be some change in the legal relationship and some relief on the merits of the claim achieved, with a resulting enforceable judgment. <u>Id.</u> at 111.

      **(1)  ILSFDA:**

      Title 15, United States Code, Section 1709(c), provides that "[t]he amount recoverable in a suit authorized by this section may include, in addition to matters specified in subsections (a) and (b) of this section, interest, court costs, and reasonable amounts for attorneys' fees, independent appraisers' fees, and travel to and from the lot." An award of fees, interest, and costs is within the Court's sound discretion. <u>Stein v. Paradigm Mirasol, LLC</u>, 2:07-cv-71-FTM-29DNF, 2009 WL 32887, at *1 (M.D. Fla. Jan. 6, 2009); <u>Bacolitsas v. 86th & 3rd Owner, LLC</u>, 2010 WL 5299867, at *1 (S.D.N.Y. 2010). While a prevailing plaintiff may therefore obtain an award of such attorney fees and costs, there is no provision for such an award to a prevailing defendant. <u>Kamel v. Kenco/The Oaks at Boca Raton, LP</u>, No. 07-80905-CIV, 2008 WL 3471594, at *1 (S.D. Fla. Aug. 11, 2008)(Section 1709(a) authorizes a "purchaser or lessee" to bring an action against the developer). Defendant does not claim entitlement to an award of attorney fees and costs under this statute. (Doc. #129.)

**(2) FDUPTA:**

Defendant claims entitlement to attorney fees and costs pursuant to FDUPTA. (Doc. #129, pp. 4-5.) Under Florida Statute § 501.2105, a "prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." A prevailing defendant may receive an award of such attorney fees and costs. Mandel v. Decorator's Mart Inc. of Deerfield Beach, 965 So. 2d 311 (Fla. 4th DCA 2007); Humane Soc. of Broward County, Inc. v. Fla. Humane Soc., 951 So. 2d 966, 971-972 (Fla. 4th DCA 2007). The decision to award fees is within the Court's discretion, and factors to consider include, but are not limited to:

> (1) the scope and history of the litigation;
>
> (2) the ability of the opposing party to satisfy an award of fees;
>
> (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;
>
> (4) the merits of the respective positions-including the degree of the opposing party's culpability or bad faith;
>
> (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;
>
> (6) whether the defense raised a defense mainly to frustrate or stall;
>
> (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

Humane Soc. of Broward County, Inc., 951 So. 2d at 971-972. The FDUTPA fee shifting provision is substantive law which does not

conflict with any federal law.  Horowitch v. Diamond Aircraft Indus., Inc., 645 F.3d 1254, 1259 (11th Cir. 2011).

Applying the seven factors under Humane Soc., as applicable: (1) the litigation in this case was extensive, contentious, and trial lasted 6 days; (2) finding no evidence to the contrary, the nonprevailing parties possess the ability to satisfy the award of fees; (3) deterrence is not a relevant factor in this case; (4) the case was not resolved on summary judgment and required a jury to determine the merits, with no evidence of bad faith; (5) the claims were not frivolous or unreasonable; (6) the defense was clearly not raised to stall or frustrate as it directly related to the nonprevailing parties' claims; and (7) the FDUTPA issue was significant in the overall litigation.  The Court concludes that defendant is entitled to reasonable attorney fees and costs under this statute.

**(3)  FCA:**

Defendant claims entitlement to an award of attorney fees pursuant to the FCA.  (Doc. #129, p. 4.)  Under Florida Statute Section 718.506(2), "[i]n any action for relief under this section or under § 718.503, the prevailing party shall be entitled to recover reasonable attorney's fees."  The Second Amended Complaint alleged a violation of Fla. Stat. § 718.503 (Doc. #26, ¶51), and defendant was the prevailing party as to this claim.  Therefore

defendant is entitled to recover reasonable attorney fees under this statute.

**(4) Fraud in the Inducement:**

Defendant does not request attorney fees or costs as the prevailing party on the fraud in the inducement claim. (Doc. #129.)

**(5) Breach of Contract:**

Defendant claims entitlement to attorney fees and costs pursuant to the contracts. The parties entered into Purchase Contracts for the purchase of two condominium units, and both contracts are subject to Florida law. Under paragraph 7 of the Purchase Contracts, "[i]f any litigation or legal action arises out of this Contract, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs." (Doc. #26-2, #26-3.) Under the Purchase Contracts, a prevailing party in the breach of contract claim is entitled to attorney's fees and costs. See Hutchinson v. Hutchinson, 687 So. 2d 912, 913 (Fla. 4th DCA 1997)("Where a contract provides attorney's fees for a prevailing party, the trial judge is without discretion to decline to enforce the provision."). Defendant is the prevailing party on the breach of contract claim contained in the Second Amended Complaint and on the Counterclaim. The Court finds defendant is entitled to reasonable attorney fees and costs under the contract.

**(6) Allocation Among Claims:**

Plaintiffs argue that defendant has "failed to specifically allocate its billing records for the claims that authorize attorneys' fees". (Doc. #133, ¶ 10.)  The Court finds that this is not required in this case.  Defendant is entitled to attorney's fees under all counts except ILSFDA and fraud in the inducement, and those particular claims are clearly intertwined with the other claims.  See Mandel, 965 So. 2d at 314-15 (FDUPTA takes a broad view of compensable attorney time); Anglia Jacs & Co., Inc. v. Dubin, 830 So. 2d 169, 172 (Fla. 4th DCA 2002)("where the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought."); Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)("the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.").  The Court finds that defendant is entitled to attorney's fees and costs of the litigation for the entire case.

**B.  Amount of Attorney Fees and Costs**

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley, 461 U.S. at 433.  A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar

services by lawyers of reasonably comparable skills, experience, and reputation." <u>Norman v. Housing Auth. of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988).

**(1) Reasonable Hourly Rate:**

The Sworn Affidavit of Attorney of Samuel B. Zabek provides that the billing for attorney and paralegal time is "reasonable, usual and customary and consistent with similar billings in the Eleventh Circuit and Middle District of Florida." (Doc. #129-1.) Counsel uses the Orlando market as a basis for determining hourly fees, Doc. #129, p. 8, however the applicable prevailing market in this case is the Fort Myers area.  Counsel does not provide an affidavit by an attorney in the area regarding the general reasonableness of the fee request or the proposed hourly rates.

In the motion, Mr. Zabek states that lead counsel has been litigating and trying cases as lead counsel since 2002 "in a variety of complex cases in both State and federal courts", and that co-counsel "has substantial trial experience." (Doc. #129, pp. 11-12.)  This information is not contained in the Affidavit or elaborated upon.  For example, Mr. Zabek does not state what type of complex cases he has litigated, there is no detail regarding co-counsel Mr. Tiseo's "substantial" experience, or what relevant experience counsel each possess to this case, or what their individual customary hourly rates might otherwise be outside of the Middle District of Florida.  Mr. Zabek also does not state anything

-8-

with regard to the experience of the paralegal or whether the paralegal is properly certified.  In this case, with no supporting evidence, the hourly rates will be reduced.  Based on the prevailing market rates in the Fort Myers area and assuming at least minimal trial experience based on counsel's conduct during trial before the undersigned and the statements in the motion, the Court will permit an hourly rate of $250.00 an hour for both Mr. Zabek and Mr. Tiseo.  The paralegal's billed hours will not be accepted and will be eliminated as unsupported.

The Court finds that the pre-litigation preparation in this case is appropriately billed.  The hours were expended in anticipation of a legal action and the parties' contractual clause simply provides for attorney's fees arising out of litigation or legal action.  Therefore, the Court finds that the hours may be considered.

Plaintiffs argue that they should not bear the cost of defendant's decision not to use local counsel.  (Doc. #133, ¶ 20.) The Court would agree, and it has not authorized a higher rate for Illinois counsel.  However, the Court finds no reason to penalize defendant for utilizing more than one attorney, much as plaintiffs elected to do in this case.  See Johnson v. Univ. College of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983)("An award for time spent by two or more attorneys is proper as long as

it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation.").

The argument that no contractual agreement with the client has been produced demonstrating that the fees requested are not in excess of what was charged to the client is rejected. Counsel states that defendant was charged on an hourly basis, and that the tasks in the affidavit were for work that would normally be billed to a paying client. (Doc. #129, pp. 11, 17.) This is sufficient.

**(2)  Reasonable Number of Hours:**

In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board. <u>Bivins v. Wrap It Up, Inc.</u>, 548 F.3d 1348, 1350 (11th Cir. 2008).

The Court has reviewed the billing records, along with the specific objections outlined in plaintiffs' Exhibit A, and determined that a reduction for some attorney hours is appropriate. As to Mr. Zabek, the Court finds that the following 29.65 hours should be eliminated:

| DATE: | HOURS REQUESTED: | REDUCED TO: | BASIS FOR REDUCTION: |
|-------|------------------|-------------|----------------------|
| 7/10/2008 | 4.50 | 3.50 | **Vague as to why correspondence required 4.50 hours** |
| 8/19/2008 | 3.75 | 2.00 | **excessive based on description** |
| 8/7/2009 | 1.00 | 00.00 | **administrative task; excessive time** |

| 8/14/2009 | 2.00 | 1.00 | "Prepare and file" administrative task |
|-----------|------|------|---------------------------------------|
| 2/11/2010 | 2.00 | 00.00 | vague as to what "pleadings" drafted |
| 2/12/2010 | 3.00 | 2.00 | "Draft pleadings" portion is vague |
| 3/16/2010 | 2.75 | 00.00 | "Review pleadings and research" is vague and non-specific |
| 3/27/2010 | 3.00 | 2.00 | Vague as to what "case matters" being researched |
| 3/31/2010 | 1.00 | 00.00 | Vague as to what "issues and claims" being researched |
| 6/15/2010 | 8.75 | 6.75 | excessive in light of time spent on 6/14/2010 |
| 7/6/2010 | 1.00 | 00.00 | review after motion filed is vague |
| 8/11/2010 | 1.75 | 00.00 | vague as to what pleadings reviewed and researched |
| 8/22/2010 | 3.00 | 00.00 | research and drafting motion previously filed |
| 8/23/2010 | 7.00 | 6.00 | continued research and drafting of motion previously filed |
| 8/24/2010 | 5.00 | 4.00 | "draft pleadings" vague |
| 8/25/2010 | 7.50 | 3.50 | Travel time excluded; supplemental motion for summary judgment previously filed |
| 9/13/2010 | 0.50 | 0.10 | excessive, Endorsed Order |
| 1/30/2011 | 4.00 | 1.00 | vague and unclear as to who respondent of correspondence is, and what "documents" prepared |

| TOTAL: | 61.50 | 31.85 | 29.65 (difference) |

After eliminating 29.65 hours for the reasons stated above, and eliminating the 70.50 hours for the paralegal, the Court finds that 449.10 hours are properly billable for Mr. Zabek at a rate of $250.00 and for a total of $112,275.00.  As to Mr. Tiseo, the Court finds that 19.3 hours should be eliminated:

| DATE: | HOURS REQUESTED: | REDUCED TO: | BASIS FOR REDUCTION: |
|---|---|---|---|
| 02/23/2009 | 0.20 | 00.00 | communication between counsel for same client will be eliminated as excessive |
| 02/23/2009 | 0.30 | 0.10 | duplicate entry; communication with co-counsel |
| 04/08/2009 | 0.20 | 00.00 | communication with co-counsel |
| 06/03/2010 | 0.20 | 00.00 | communication with co-counsel |
| 06/17/2010 | 0.20 | 00.00 | communication with co-counsel |
| 08/16/2010 | 6.20 | 4.20 | reduce for travel time |
| 08/19/2010 | 0.20 | 00.00 | communication with co-counsel |
| 08/23/2010 | 4.00 | 3.00 | reduce for travel time |
| 08/25/2010 | 4.80 | 2.80 | reduce for travel time |
| 09/13/2010 | 0.30 | 0.20 | reduce for co-counsel communication |
| 09/30/2010 | 2.50 | 0.50 | reduce for travel time |

| 10/04/2010 | 0.20 | 00.00 | communication with co-counsel |
| 10/13/2010 | 0.30 | 00.00 | communication with co-counsel |
| 10/15/2010 | 0.30 | 0.20 | excessive, review of filing by co-counsel |
| 10/18/2010 | 0.30 | 0.20 | partial entry for communicating with co-counsel |
| 11/03/2010 | 0.20 | 00.00 | excessive, review of co-counsel's availability |
| 11/11/2010 | 6.00 | 4.00 | reduce for travel time |
| 01/10/2011 | 0.20 | 0.10 | includes communicating with co-counsel |
| 01/11/2011 | 0.20 | 0.10 | includes communicating with co-counsel and duplicate |
| 01/12/2011 | 0.20 | 0.10 | communicating with co-counsel |
| 01/13/2011 | 0.20 | 0.10 | includes communicating with co-counsel |
| 01/13/2011 | 0.20 | 00.00 | non-specific telephone call with co-counsel |
| 01/13/2011 | 0.20 | 0.10 | excessive |
| 01/18/2011 | 3.20 | 1.00 | travel time excluded |
| 01/27/2011 | 1.80 | 00.00 | paralegal time and administrative tasks |
| 02/03/2011 | 0.20 | 0.10 | communicating with co-counsel |
| 02/19/2011 | 0.20 | 0.10 | communicating with co-counsel |
| 02/21/2011 | 0.30 | 0.10 | communicating with co-counsel |

| | | | |
|---|---|---|---|
| 02/22/2011 | 1.50 | 1.20 | partial communicating with co-counsel |
| 02/23/2011 | 9.50 | 9.00 | reduce for travel time |
| 02/24/2011 | 0.50 | 0.30 | communicating with co-counsel |
| 02/24/2011 | 9.50 | 9.00 | reduce for travel time |
| 02/25/2011 | 9.30 | 8.8 | reduce for travel time |
| 02/28/2011 | 10.00 | 9.5 | reduce for travel time |
| 03/01/2011 | 8.70 | 8.2 | reduce for travel time |
| TOTAL: | 82.3 | 63 | 19.3 (difference) |

With the reduction of hours for Mr. Tiseo, the Court finds that 117.9 hours are appropriately billed at a rate of $250.00 an hour for a total of $29,475.00.  After the reduction in hours, and with the elimination of all paralegal hours, the Court finds that defendant is entitled to $141,750.00 in attorney's fees.

**III.**

Under Fed. R. Civ. P. 54(d), costs "should be allowed to the prevailing party" unless the court provides otherwise.  Fed. R. Civ. P. 54(d)(1).  These include, for example, fees "for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Deposition costs "merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only," are not recoverable.  EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000)(quoting Goodwall Constr. Co. v. Beers Constr. Co., 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), rev'd

-14-

on other grounds, 991 F.2d 751 (Fed. Cir. 1993)).  Depositions submitted in support of summary judgment may also be taxed.  Id. at 621.  In this case, although plaintiffs have not specifically addressed the requested costs, defendants have not indicated why the deposition costs were "necessarily obtained for use in the cse", no depositions were submitted in support of the motions for summary judgment, and no receipts are attached to explain whose depositions were taken.  Therefore, these costs will be denied.

Under the Court's Case Management and Scheduling Order (Doc. #32, p. 8, IV.F.) mediation costs may be taxed upon motion of the prevailing party.  Additionally, the Magistrate Judge determined that the parties were to split the cost of the mediator.  (Doc. #62.)  Therefore, the Court will tax $1,120.00 against plaintiffs for one-half the mediation fee of Philip N. Hammersley.

## IV.

Defendant also seeks statutory pre-judgment interest pursuant to Florida state law.  Plaintiffs did not respond to this issue. Defendant was successful on the state law claims and suffered an "actual, out-of-pocket-loss" entitling him to prejudgment interest. Gilchrist Timber Co. v. ITT Rayonier Inc. 472 F.3d 1329, 1332 (11th Cir. 2006).  The Court will permit the $41,174.00 in statutory interest as requested in Exhibit A-2.  (Doc. #129-3.)

Accordingly, it is now

**ORDERED**:

-15-

1.   Defendant's Motion for Attorneys' Fees, Costs and Interest (Doc. #129) is **GRANTED** in part and **DENIED** in part.  The request for attorney's fees is granted in part in the amount of $141,750.00; the request for costs is granted in part and $1,120.00 in costs are taxed against plaintiffs; and the request for interest is granted in the amount of $41,174.00.

2.   Plaintiffs Request to Conduct Hearing (Doc. #133) is **DENIED**.

3.   The Clerk shall enter an amended judgment in favor of defendant and against plaintiffs as follows:

| | |
|---|---|
| Verdict: | $353,549.00 |
| Attorney Fees: | $141,750.00 |
| Taxable Costs: | $  1,120.00 |
| Partial Satisfaction: | ($158,749.00) |
| Prejudgment Interest: | $ 41,174.00 |
| Total: | $378,844.00 |

**DONE AND ORDERED** at Fort Myers, Florida, this ___31st___ day of August, 2011.

_____

JOHN E. STEELE
United States District Judge


Copies:
Counsel of record